UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

BRANDON WASHINGTON

Defendant.

23-CR-6109-FPG

DECISION & ORDER

**INTRODUCTION**

In July 2025, Criminal Justice Act ("CJA") Appointed Defense Counsel Matthew Lembke ("Lembke") informed the Court in an *ex parte* letter that the financial circumstances of Brandon Washington ("Defendant"), as relevant to the appointment of CJA Counsel, had changed. ECF No. 227; *see also* ECF No. 241 (finding no prejudice to Defendant by publicly disclosing settlement amount.) After extensive motion practice, the Court has determined that with Defendant's change in financial circumstances, Defendant does have available funds to pay for the CJA representation he had, and thus, shall reimburse $23,073.40 to the CJA Panel.

As background, in April 2025, Defendant settled a civil lawsuit, *see Washington v. The Auto. Ins. Co. of Hartford, Conn.*, No. 24-CV-6503, ECF No. 39 (W.D.N.Y.), in which he received a $250,000 settlement relating to the 55 Laser St., Rochester, NY property, ECF No. 227 at 1. In July 2025, Lembke received the settlement check from the carrier's lawyer and placed the settlement amount into his attorney escrow account. ECF No. 242 at 2. Since September 2025, Defendant, through Lembke and through Defendant's *pro se* representation, requested that certain amounts of the settlement proceeds be used to pay various third-party debts. ECF No. 242 at 3 (requesting proceeds be used to pay tax liabilities to the City of Rochester and Monroe County

regarding 55 Laser St.[1]); ECF No. 244 (granting Defendant's request); ECF No. 285 (requesting proceeds be used to pay ABAR Abstract for an abstract on 55 Laser Street[2]); ECF No. 289 (granting Defendant's request); ECF No. 295 (requesting proceeds be used to pay Defendant's Special Assessment fee[3]); ECF No. 296 (granting Defendant's request); ECF No. 297 (requesting proceeds be used to pay tax foreclosure lien on 55 Laser St.[4]); ECF No. 298 (granting Defendant's request); ECF No. 300 (requesting proceeds be used to pay additional taxes to the City of Rochester on 55 Laser St.[5]); ECF No. 302 (granting Defendant's request). Further, the Court granted Defendant's request to pay outstanding New York State income tax, additional City of Rochester and Monroe County taxes, mediator fees, and the fire adjustor fee.[6] *See* ECF No. 310. Lembke paid all of the above with settlement proceeds, leaving the current total of Defendant's settlement proceeds at $224,931.95.

The Western District of New York ("WDNY") CJA Plan provides as follows:

> If at any time after the appointment of counsel a judge finds that a person provided representation is financially able to obtain counsel or make partial payment for the representation, the judge may terminate the appointment of counsel or direct that any funds available to the defendant be paid as provided in 18 U.S.C. § 3006A(f).

WDNY CJA Plan § IV(B)(2)(g). 18 U.S.C. § 3006A(f), in turn, provides:

> Whenever . . . the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, or the attorney's law firm, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.

[1] The amount was $3,291.36. ECF No. 248 at 3.
[2] The amount was $918.00. ECF No. 285 at 1.
[3] The amount was $200. ECF No. 295 at 1.
[4] The amount was $916.17. ECF No. 297 at 1.
[5] The amount was $789.38. ECF No. 300 at 1.
[6] The total amount was $18,953.14. The City of Rochester waived the demolition fee of $36,704.69.

Before reimbursement may be ordered, however, the Second Circuit requires that the relevant funds be, "in fact, 'available for payment' within the meaning of the statute." *United States v. Bracewell*, 569 F.2d 1194, 1197 (2d Cir. 1978). While normally the Second Circuit requires the Court to make findings of fact on the record regarding the availability of funds, *id.*, here there is no dispute as to the availability of funds because Defendant offered to reimburse the CJA Panel, ECF No. 324 at 2-3. Specifically, Defendant initially thought the he owed $24,742 towards a mortgage balance on the 55 Laser St. property. *Id.* at 2. However, after the Government argued that it was unlikely that the 55 Laser St. mortgage balance was still outstanding[7], ECF No. 323 at 3, Defendant instead offered to pay the $24,742 amount he thought he owed toward the mortgage balance to reimburse the CJA Panel, ECF No. 324 at 2-3. Because Defendant has offered to pay $24,742 to reimburse the CJA Panel, the Court finds that Defendant has sufficient funds available to pay $23,073.40, the amount of money that Lembke was paid from his CJA representation of Defendant in the criminal matter (23-CR-6109-FPG-MJP-1), to the CJA Panel.

Defendant also made the following requests for disbursement of his settlement funds. He requested that $20,000 be provided to the four mothers of each of his four children to assist with child support related expenses. ECF No. 310 at 3. In assessing whether funds are available, "the court should be sensitive to the defendant's responsibilities to his family, if any." *Bracewell*, 569 F.2d at 1199. Here, the Court is aware that Defendant has four young children. The Court is inclined to designate $25,000 for each of Defendant's four children to go into a trust to support the children. Defendant indicated that he has identified a trust attorney, Jefferey F. Voelkl, Esq., who

[7] The Court also independently confirmed there is no outstanding mortgage balance on 55 Laser St.

charges a fee of $3,500.[8] ECF No. 327 at 2. Defendant further explained that he will be appointing Jayla Simmons to serve as trustee for his four children's trusts. *Id.* at 1.

Defendant also requested that the Court use its discretion to set aside a certain amount of funds for his commissary expenses. ECF No. 310 at 3. "Before a finding of "availability" can properly be made, the district judge should be satisfied that, in ordering reimbursement in any specified amount, the defendant will not suffer extreme hardship as a consequence of being deprived of his funds. . . . [i]f he is sentenced to imprisonment, he may, nonetheless, require some funds to fulfil basic personal needs." *Bracewell*, 569 F.2d at 1199. The Court is aware that on December 18, 2025, Defendant was sentenced to serve 262 months in the United States Bureau of Prison. ECF No. 274 at 2. Given Defendant's lengthy sentence, the Court believes that $5,000 should be reserved for Defendant's basic needs in the form of commissary funds.

In sum, as discussed above, after Defendant moved to pay his third-party debts and the Court granted such requests, Defendant has $224,931.95 left in his settlement proceeds. The remaining money shall be distributed as follows:

(1) $3,500 shall be paid to Attorney Voelkl to create trusts for Defendant's four children;

(2) $25,000 shall be put into a trust for each of Defendant's four children, for a total of $100,000;

(3) $5,000 shall be paid to Defendant's commissary fund; and

(4) $23,073.40 shall be paid to the CJA Panel.

Following these payments, Defendant still has $93,358.55 remaining as settlement proceeds that he may use as he sees fit.

---

[8] The Court confirmed with Jefferey F. Voelkl that his base fee is $3,500. Voelkl indicated that the fee could increase depending exactly on the types of trusts that he is asked to create.

## CONCLUSION

For the foregoing reasons, Attorney Lembke is ordered to use Defendant's settlement proceeds to (1) pay $23,073.40 to the Clerk of Court, who is directed to put the funds toward the CJA Panel; (2) pay $5,000 into Defendant's commissary fund; (3) work with Jayla Simmons and Attorney Voelkl to put $25,000 into trusts for Defendant's four children (for a total of $100,000), and pay Attorney Voelkl his base fee of $3,500, with the understanding that it may increase depending on the specific trusts that are created; and (4) allow Defendant to use his remaining $93,358.55 as Defendant sees fit.

IT IS SO ORDERED.

Dated: October 29, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York